# Daniel B. Stewart, Appellee, v. Illinois Central Railroad Company, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916.

## Statement of the Case.

Action by Daniel B. Stewart, plaintiff, against Illinois Central Railroad Company, defendant, for damages resulting from a fire alleged to have been caused by sparks escaping from the defendant's locomotive. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

At the request of the plaintiff the court instructed the jury as follows:

"The Court instructs you that you should not find a verdict for the plaintiff upon speculation, possibilities, or mere probabilities; the law requires that before plaintiff is entitled to a verdict the evidence must show by a preponderance,

"First: That the fire was in fact caused by a spark or sparks emitted from defendant's locomotive in question.

"Second: That the defendant was negligent either in the equipment, repair, or management of the locomotive, and that such negligence, if any, caused it to emit sparks, and, that the sparks so emitted, started the fire which destroyed the property in question, and

"Unless the plaintiff has proven each of these requirements by the preponderance of the evidence, your verdict should be for the defendant."

CHARLES L. CAPEN and DE MANGE, GILLESPIE & DE MANGE, for appellant; JOHN G. DRENNAN, of counsel.

LIVINGSTON & BACH and BARRY & MORRISSEY, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 919*—*what constitutes prima facie case of negligence in causing fire.* In an action for damages resulting from a fire alleged to have been caused by sparks escaping from the defendant's locomotive, evidence *held* to justify a finding that the fire was so caused and, under Hurd's Rev. St. ch. 114, sec. 103 (J. & A. ¶ 8891), to make a prima facie case of negligence justifying the submission of the case to the jury.

2. TRIAL, § 153*—*when case should go to jury.* When there is any evidence in the record from which, if it stood alone, the jury

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stewart v. Illinois Central R. Co., 201 Ill. App. 187.

could, without acting unreasonably in the eye of the law, find that all the material averments in the declaration had been proven, the case should go to the jury.

3.  RAILROADS, § 919*—*when burden of proof on railroad in action for negligence in causing fire.* Where the plaintiff, in an action for damages caused by fire resulting from sparks escaping from the defendant's locomotive, has made out a prima facie case of negligence under Hurd's Rev. St. ch. 114, sec. 103 (J. & A. ¶ 8891), the burden of proof to overcome such a case is on the defendant.

4.  RAILROADS, § 932*—*when evidence sufficient to sustain verdict in action for negligently causing fire.* A verdict for the plaintiff in an action for damages resulting from fire caused by sparks escaping from the defendant's locomotive, *held* justified by the evidence.

5.  RAILROADS, § 941*—*when instruction in action for negligence in causing fire not misleading.* In an action for damages resulting from a fire caused by sparks escaping from the defendant's locomotive, an instruction *held* not open to the criticism that it was likely to be understood by the jury to mean that the defendant was required to disprove negligence by the preponderance of the evidence, in view of another instruction that the plaintiff, in order to recover, was required to prove, among other things, by a preponderance of the evidence, that the defendant was negligent and that the damage resulted therefrom.

6.  DAMAGES, § 207*—*when instruction on not erroneous.* The rule that an instruction is bad which advises the jury that it is their duty to assess damages, if they believe certain facts to be established by the evidence, applies only to cases where exemplary damages may be recovered and not to those in which compensatory damages only are sought.

7.  APPEAL AND ERROR, § 1466*—*when admission of evidence harmless error.* In an action for damages for the destruction of property by fire, a question as to what was the total fair cash value of all the property destroyed, *held* improper but harmless error, where it amounted simply to a request to the witness to add up items of damage previously testified to by him, and the verdict was for an amount substantially less than such estimate.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.